IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| J. IRVIN BEATLEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES E. AYERS, JR., )<br>RALPH L. COSTEN, JR., and )<br>JESSE L. BARBER, )<br>)<br>    Defendants. ) | Civil Action No. 3:18-cv-37-MHL |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT II

The Defendants, Charles E. Ayers, Jr., Ralph L. Costen, Jr., and Jesse L. Barber (collectively "Defendants"), by and through undersigned counsel, hereby submits this Memorandum in Support of Their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

### ARGUMENT

"[A]ctions for common law civil conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious." *Dunlap v. Cottman Transmission Systems, LLC*, 287 Va. 207, 215 (2014). "Non-performance of a contractual promise does not, without more, create a basis for recovery in tort." *Station #2, LLC v. Lynch*, 280 Va. 166, 176 (2010).

Defendants reiterate and stand on their arguments as set forth in their Motion to Dismiss Count II. The Plaintiff failed to state a claim for conspiracy to breach contract because he failed

to allege the underlying tort required to legally support a claim for conspiracy to breach a contract. The Plaintiff cannot allege that the existence of third parties absolves him of the requirement that he allege an underlying tort. In Count II, the Plaintiff alleges the existence of a conspiracy to breach a contract, but such an allegation requires the existence of an underlying tort. The Plaintiff failed to allege any tort to support his claim for conspiracy to breach a contract.

The Plaintiff correctly asserts that tortious interference with contract fulfills the requirement for the unlawful act necessary to support a claim for civil conspiracy. *See Dunlap*, 287 Va. at 218. However, the Plaintiff has not alleged a count for tortious interference with contract. As such, the Defendants reiterate their arguments pled in their Motion to Dismiss and maintain that the Plaintiff's Complaint is legally insufficient as to his claim for conspiracy to breach a contract. The Defendants have no objection to the Plaintiff's motion to amend his Complaint pursuant to Rule 15.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Defendants' Motion to Dismiss Count II of the Plaintiff's Complaint and dismiss this count with prejudice.

Dated:  March 1, 2018                           CHARLES E. AYERS, JR.,
                                                RALPH L. COSTEN, JR., and
                                                JESSE L. BARBER


                                                By:_____/s/ Stephen M. Faraci, Sr._____
                                                                Counsel

Stephen M. Faraci, Sr. (VSB No. 42748)
LeClairRyan, A Professional Corporation
919 East Main Street, 24th Floor
Richmond, Virginia  23219
Telephone:  (804) 545-1516
Facsimile:   (804) 916-7208
Stephen.Faraci@leclairryan.com

*Counsel for the Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By:   /s/ Stephen M. Faraci, Sr.
Stephen M. Faraci, Sr. (VSB No. 42748)
LeClairRyan, A Professional Corporation
919 East Main Street, 24th Floor
Richmond, Virginia  23219
Telephone:  (804) 545-1516
Facsimile:   (804) 916-7208
Stephen.Faraci@leclairryan.com

*Counsel for the Defendants*
