IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

J. IRVIN BEATLEY,                               )
                                                )
                                                )
                Plaintiff,                      )
v.                                              )               Civil Action No. 3:18-cv-37-MHL
                                                )
CHARLES E. AYERS, JR.,                          )
RALPH L. COSTEN, JR., and                       )
JESSE L. BARBER,                                )
                                                )
                Defendants.                     )

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Dated: October 26, 2018                 CHARLES E. AYERS, JR.,
                                        RALPH L. COSTEN, JR., and
                                        JESSE L. BARBER


                                        By:_____/s/ Stephen M. Faraci, Sr._____
                                                        Counsel

Stephen M. Faraci, Sr. (VSB No. 42748)
Patrick D. Houston (VSB No. 92298)
LeClairRyan, A Professional Limited Liability Corporation
919 East Main Street, 24th Floor
Richmond, Virginia  23219
Telephone:     (804) 545-1516
Facsimile:     (804) 916-7208
Stephen.Faraci@leclairryan.com
Patrick.Houston@leclairryan.com

*Counsel for Defendants*

## TABLE OF CONTENTS

**Pages(s)**

TABLE OF AUTHORITIES ................................................................................................3

1.    **Introduction**........................................................................................................5

2.    **Undisputed Facts**.................................................................................................6

3.    **Argument** ............................................................................................................8

    1.  Standard of Review…….......................................................................................8

    2.  The Plaintiff's Claim Fail Because There is No Evidence of Damages .......................8

        A.  All of Plaintiff's Claims Require Proof of Actual Damages ............................9

        B.  Plaintiff's Claims for Breach of Contract and Conspiracy to Breach Contract
            Fail for lack of Damages.................................................................................9

            i.  Plaintiff Has Been Made Whole under the Settlement Term Sheet.....10

            ii.  Plaintiff Is Not Entitled to Recover Under the Fulton Bank Loan ......11

        C.  Plaintiff's Claims for Fraudulent Inducement and Conspiracy to Commit
            Fraud Fail for Lack of Damages ...................................................................15

    3.  Plaintiff's Fraud Claims Fail Because The Defendants Intended to Perform Under the
        Settlement Term Sheet…….........................................................................................16

    4.  Plaintiff Cannot Recover Punitive Damages…… ......................................................18

    5.  Plaintiff Cannot Recover his Attorneys' Fees in this Litigation..................................18

    6.  Plaintiff's  Cannot Recover His Attorneys' Fees or Costs of Mediation from the State
        Litigation …….............................................................................................................21

4.    **Conclusion** ........................................................................................................**21**

2

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U. S. 242 (1986).................................................................................8

*Autonomy, Inc. V. Tasc, Inc.*
   No. 1:15-cv-505, 2015 WL 7313380 ( E.D. Va. Nov. 19, 2015) ...............................13

*Barnette v. Brook Road, Inc.*,
   429 F.Supp.2d 741 (E.D. Va. 2006) .......................................................9, 15

*Celotex Corp. v. Catrett*,
   477 U. S. 317 (1986)................................................................................8

*Chambers v. NASCO, Inc.*,
   501 U.S. 32, 111 S.Ct. 2123 (1991)...................................................19, 20

*Colonial Ford Truck Sales, Inc. v. Schneider*,
   228 Va. 671, 325 S.E.2d 91 (1985)..................................................................16

*Community Bank v. Wright*,
   221 Va. 172, 267 S.E.2d 158 (1980)......................................................9, 15

*Filak v. George*,
267 Va. 612, 594 S.E.2d 610 (2004).................................................................10

*Gasque v. Mooers Motor Car Co.*,
227 Va. 154, 313 S.E.2d 384 (1984).......................................................17, 18

*Hiss v. Friedberg*,
201 Va. 572, 112 S.E.2d 871 (1960)..................................................................21

*Holz v. Coates Motor Co.*,
206 Va. 894, 147 S.E.2d 152, 155 (1966).......................................................14

*Kamlar Corp. v. Haley*,
224 Va. 699, 299 S.E.2d 514 (1983)................................................................10

*Kemp v. Miller*,
166 Va. 661, 186 S.E. 99 (1936).....................................................................19

*Kreischer v. Kerrison Dry Goods*,
229 F.3d 1143 (4th Cir. 2000) .......................................................................19

*Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*,
103 F.2d 1422 (8th Cir. (1997) .................................................................................19, 20

*Long v. Abbruzzetti*,
254 Va. 122, 487 S.E.2d 217 (1997)..................................................................................21

*Murray v. Hadid*,
238 Va. 722, 385 S.E.2d 898 (1989).................................................................................18

*Navar, Inc. v. Federal Business Council*,
291 Va. 338, 784 S.E.2d 296 (2016)...................................................................................9

*New York Life Ins. Co. v. Davis*,
96 Va. 737, 32 S.E. 475 (1899)..........................................................................................17

*Prospect Dev. Co. v. Bershader*,
258 Va. 75, 515 S.E.2d 291 (1999)....................................................................................19

*Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*,
256 Va. 553 (1998) ..................................................................................9, 15, 16, 21

*SecureInfo Corp. v. Telox Corp.*,
387 F.Supp.2d 593, 616 (E.D. Va. 2005) ...................................................................9, 15

*Sharma v. USA Int'l, LLC*,
851 F.3d 308, 312 (4th Cir. 2017) ....................................................................................14

*Shepherd v. Davis*, 265
Va. 108, 574 S.E.2d 514 (2003).................................................................................11, 14

*Sunrise Continuing Care, LLC v. Wright*,
277 Va. 148, 156, 671 S.E.2d 132, 136 (2009).............................................................10, 14

*Syed v. ZH Techs, Inc.*,
280 Va. 58, 74-75, 694 S.E.2d 625, 634 (2010) ..............................................................18

*Terry v. SunTrust Banks, Inc.*,
 493 Fed.Appx. 345 (4th Cir. 2012)..........................................................................9, 15, 16

*Thompson v. Bacon*,
245 Va. 107, 111, 425 S.E.2d 512, 514 (1993)..................................................................17

*Vienna Metro LLC v. Puit eHome Corp.*,
786 F.Supp.2d 1076 (E.D. Va. 2011) ...............................................................................14

*Weatherford v. Birchett*,
158 Va. 741, 164 S.E. 535 (1932)......................................................................................18

*Worrie v. Boze*,
198 Va. 533, 95 S.E.2d 192 (1956).....................................................................................9

*Wright v. Cofield*,
146 Va. 637, 131 S.E. 787 (1926)......................................................................................18

## OTHER AUTHORITIES

Black's Law Dictionary (10th ed. 2014)……………………………………………18

Federal Rule Civil Procedure 56………………………… …………………………..8

Defendants, Charles E. Ayers, Jr., Ralph L. Costen, Jr., and Jesse L. Barber (collectively "Defendants"), by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, submit this Memorandum in Support of their Motion for Summary Judgment.

## I.     Introduction

This case involves Plaintiff's continued and unsupported pursuit of a windfall. Notwithstanding that Plaintiff has already been made whole for any claimed breaches of the parties' settlement agreement, Plaintiff seeks attorneys' fees and punitive damages in the absence of any remaining compensatory damages. Plaintiff is pursing breach of contract, conspiracy to breach contract, fraudulent inducement, and conspiracy to commit fraud against the Defendants for the allegedly deficient performance of their duties under the parties' settlement agreement from an earlier litigation. However, at this point in the litigation, the Defendants have performed all of their obligations under the parties' settlement agreement, including those obligations

related to the assumption of Plaintiff's obligations to Fulton Bank. Accordingly, the Court should dismiss the Complaint in its entirety.

## II.    Undisputed Facts

On or about June 16, 2017 Plaintiff and Defendants entered into a Settlement Term Sheet related to a state court matter captioned *J. Irvin Beatley v. Charles E. Ayers, Jr., et al.* (Case No. CL14-4210) previously filed in the Circuit Court for the City of Richmond (the "State Litigation"). (Pl.'s Resp. to Defs.' First Req. for Admissions, No. 1; Defs.' Suppl. Ans. and Obj. to Pl.'s Second Req. for Admissions, Nos. 1, 4.)(Copies of which are attached hereto as Exhibits A and B, respectively) A copy of the Settlement Term Sheet is attached hereto as Exhibit C. The Settlement Term Sheet provided that the Defendants would pay Plaintiff $134,000.00 on or before July 17, 2017. (Ex. C, ¶ 2.) Defendants also agreed to: (a) "assume all of plaintiff's obligations on the loan from Fulton Bank to plaintiff in the original principal amount of approximately $157,000 [the "Fulton Bank Loan"];" (b) "use all best efforts to obtain Fulton Bank's consent to their assumption of the loan and the release of plaintiff from all obligations relating to the loan;" and (c) pay the "monthly interest charge due on or before July 1, 2017." (Ex. C, ¶ 3.)

On June 19, 2017, Plaintiff wrote to Fulton Bank to authorize the bank to discuss all aspects of the Fulton Bank Loan with Charles Ayers, Ralph Costen, Jesse Barber, and/or Stephen M. Faraci, Sr., as well as Jack Woodfin. (June 19, 2017 Letter from Plaintiff to Timothy Robinson, a copy of which is attached hereto as Exhibit D.) In connection with their obligations under the Settlement Term Sheet, the Defendants, through Mr. Ayers, wrote to Fulton Bank on June 29, 2017 and requested that they be permitted to assume Plaintiff's liability for the Fulton Bank Loan. A copy of the correspondence is attached hereto as Exhibit E. In addition,

Defendants requested that the bank assist in the processing of the paperwork to effectuate the assumption. (Ex. E.) Immediately following the Settlement and for so long as the Fulton Bank Loan was outstanding, Defendants made all monthly interest payments on Plaintiff's behalf. (Ex. A, No. 7; *see* Fulton Bank Payment Statements, copies of which are attached hereto as Exhibit F.) Defendants made several phone calls to Fulton Bank in order to attempt to assume Plaintiff's obligations. Mr. Ayers called Tim Robinson on the phone and he still never responded. (Oct. 15, 2018 Ayers Depo. Trans., 23:24-24:5, excerpts of which are attached hereto as Exhibit G.) Additionally, Mr. Costen reached out to the president of Fulton Bank, who subsequently retired, concerning the Defendants' assumption of the Fulton Bank Loan, but his efforts were unsuccessful. (Ex. G, 24:16-25:8.)

In connection with the State Litigation Plaintiff's previous counsel, Setliff & Holland, asserted an attorney's lien in the amount of $46,523.22 on the settlement proceeds payable to the Plaintiff. (August 15, 2017 Ltr. from Setliff & Holland to S. Faraci, a copy of which is attached hereto as Exhibit H.)

On April 13, 2018, Defendants paid to Setliff Law, P.C. $46,532.22 in partial satisfaction of their obligations under the Settlement Term Sheet and in satisfaction of the attorneys' lien filed against the settlement from the State Litigation. (April 13, 2018 Letter from Stephen M. Faraci, Sr. to Gregory F. Holland, a copy of which is attached hereto as Exhibit I; *see also* Ex. A, No. 4.) On April 20, 2018, Defendants paid to Plaintiff $93,417.38 in satisfaction of their obligations under the Settlement Term Sheet. (April 20, 2018 Letter from Stephen M. Faraci, Sr. to John K. Burke, a copy of which is attached hereto as Exhibit J; *see also* Ex. A, No. 5.) In total, Defendants have paid $139,949.60 in satisfaction of their obligations under Paragraph Two of the Settlement Term Sheet.

On May 15, 2018, Fulton Bank notified Plaintiff that the Fulton Bank Loan had been paid in full. (May 15, 2018 Letter from Fulton Bank to Plaintiff, a copy of which attached hereto as Exhibit K; *see also* Pl.'s Resp. to Defs.' Second Req. for Adm., No. 2, a copy of which is attached hereto as Exhibit L.) Fulton Bank used collateral previously put up by John H. Woodfin, Sr. to satisfy all obligations under the Fulton Bank Loan. (Ex. G, 25:20-26:2; Ex. L, No. 1. Messrs. Ayers, Costen, and Barber also had loans with Fulton Bank that were paid off through the bank's use of collateral previously put up by John H. Woodfin, Sr. (Ex. G, 26:7-20.)

### III.  Argument

#### 1.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the Federal Rules. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

#### 2.  Plaintiff's Claims Fail Because There is No Evidence of Damages

Plaintiff has asserted four causes of action against the Defendants: breach of contract; conspiracy to breach contract; fraudulent inducement; and conspiracy to commit fraud. In order for Plaintiff to recover on any of his claims, he must prove he suffered actual damages as a result of the Defendants' alleged conduct. There is no evidence to support Plaintiff's claim for damages and, accordingly, his claims fail.

A.    All of Plaintiff's Claims Require Proof of Actual Damages

In order to succeed on a claim for breach of contract, a plaintiff must prove (1) a legally enforceable obligation; (2) a violation or breach of that obligation; and (3) ***injury or damage*** caused by the breach. *Navar, Inc. v. Federal Business Council*, 291 Va. 338 (2016).

To succeed on a claim for conspiracy to breach contract, a plaintiff must prove an agreement to breach a contract, a resulting breach of the contract, and ***damages***. *Worrie v. Boze*, 198 Va. 533, 95 S.E.2d 192 (1956).

A claim for fraud in the inducement requires a false representation of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party mislead, and ***resulting damage to the party misled***. *Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557-58 (1998); *Barnette v. Brook Road, Inc.*, 429 F.Supp.2d 741, 750 (E.D. Va. 2006). In claims for fraud, there are no damages "where the position of the complaining party is no worse than it would have been had the alleged fraud not been committed." *SecureInfo Corp. v. Telos Corp.*, 387 F.Supp.2d 593, 616 (E.D. Va. 2005)(citing *Community Bank v. Wright*, 221 Va. 172, 267 S.E.2d 158 (1980)).

A claim for conspiracy to commit fraud, like a claim for fraud, requires the alleged conspirators' unlawful act to have caused damages. *Terry v. SunTrust Banks, Inc.*, 493 Fed.Appx. 345, 357 (4th Cir. 2012).

B.    Plaintiff's Claims for Breach of Contract and Conspiracy to Breach Contract Fail
      for Lack of Damages

Under his claims for breach of contract and conspiracy to breach contract, Plaintiff seeks as damages the recovery of: (a) $134,000.00 payable to Plaintiff under the Settlement Term Sheet (Compl. ¶¶ 71-80, 99, a copy of which is attached hereto as Exhibit M.); and (b) $157,000.00 under the Fulton Bank Loan (Ex. M, ¶ 21.). (c) Plaintiff's share of the cost of the

mediation of the State Litigation in the amount of $3,445.22 (*id.*, ¶ 99.); (d) attorneys' fees incurred since June 16, 2017 in the State Litigation (*Id.*); and (e) attorneys' fees incurred in this litigation (*Id.*).[1] Plaintiff cannot prove, and is not legally entitled to recover, any of the damages he seeks for breach of the Settlement Term Sheet. Accordingly, summary judgment must be granted in favor of Defendants.

i.   <u>Plaintiff Has Been Made Whole under the Settlement Term Sheet</u>

One of the two lynchpins for the relief sought by Plaintiff is the monies owed to Plaintiff under Paragraph Two of the Settlement Term Sheet totalling $134,000.00. (Ex. C.) Regardless of the legal theory advanced, it is uncontroverted that Defendants have satisfied their obligation under Paragraph 2, including paying statutory interest on the amounts due from the date payment was supposed to be made under the agreement.  Accordingly, Plaintiff cannot prove that he has sustained any compensable damages.

"As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained." *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156, 671 S.E.2d 132, 136 (2009)(citing *Kamlar Corp. v. Haley*, 224 Va. 699, 705, 299 S.E.2d 514, 517 (1983)). Proof of damages is an essential element of a breach of contract claim, and failure to prove that element warrants dismissal of the claim. *Id.* (citing *Filak v. George*, 267 Va. 612, 619–20, 594 S.E.2d 610, 614–15 (2004)). The plaintiff also has the "burden of proving with reasonable certainty the amount of damages and the cause from which they resulted; speculation and conjecture cannot form the basis of the recovery." *Shepherd v. Davis*, 265 Va. 108, 125, 574 S.E.2d 504, 524 (2003).

---

[1] Plaintiff's pursuit of punitive damages, his attorneys' fees in this litigation, and his fees and costs from the State Litigation are addressed *infra* in Sections 4-6 as those remedies are separate and apart from the compensatory damages sought in relation to the Settlement Term Sheet.

Paragraph Two of the Settlement Term Sheet required Defendants to pay Plaintiff $134,000.00 on or before July 17, 2017. (Ex. C.) Defendants paid that amount, plus statutory interest, on April 13 and 20, 2018. (Exs. I, J.) While the payment was untimely with respect to the July 17, 2017 deadline, the Defendants compensated Plaintiff for the delay through the payment of accrued interest. No further actions can be taken by Defendants in order to satisfy their obligations with respect to Paragraph Two of the Settlement Term Sheet and Plaintiff has been made whole with respect to his bargain.

ii.     Plaintiff Is Not Entitled to Recover Under the Fulton Bank Loan

The second lynchpin for the relief sought by Plaintiff is the satisfaction of Defendants' obligations under Paragraph Three of the Settlement Term Sheet with respect to the Fulton Bank Loan. However, the Defendants performed all obligations under Paragraph Three and the Fulton Bank Loan has now been paid in full.

Paragraph Three of the Settlement Term Sheet requires Defendants to: (a) assume all of plaintiff's obligations on the [Fulton Bank Loan];" (b) "use all best efforts to obtain Fulton Bank's consent to their assumption of the loan and the release of plaintiff from all obligations relating to the loan;" and (c) pay the monthly interest charge due on or about July 1, 2017. (Ex. C, ¶ 3.) Notably, paragraph Three does not require Defendants to pay to Plaintiff the outstanding balance on the Fulton Bank Loan as of the date of the settlement. Instead, Defendants were merely required to assume Plaintiff's obligations, which obligations included the payment of principal and interest on a certain amortization schedule. Beginning promptly after the settlement, Defendant did just that – Defendants made all payments of principal and interest owed to Fulton Bank for the post-settlement period during which the Fulton Bank Loan was outstanding. Therefore, Plaintiff's current claim for $157,000 (the approximate amount of the

Fulton Bank Loan that was outstanding at the time of the settlement) is misguided. Plaintiff was never entitled to direct payment of $157,000.00 under the Settlement Term Sheet. Accordingly, Plaintiff cannot recover for any amounts related to the Fulton Bank Loan, which has now been satisfied in full. (*See* Ex. D.)

As to whether Plaintiff breached the terms of Paragraph 3, the uncontroverted evidence is that Defendants satisfied all of their obligations under the Fulton Bank Loan.  Defendants' obligations were twofold:  (1) take over responsibility for the payment of the Fulton Bank Loan (the first sentence of Paragraph 3); and (2) use best efforts to assume the Fulton Bank Loan and gain Fulton Bank's consent to release Plaintiff from the loan.

As to the obligation to take over responsibility for the payment of the Fulton Bank Loan, Defendants made all required payments from the date of the Settlement until the Fulton Bank Loan was paid in full.  A copy of all payments made are attached as Exhibit F; *see also* Ex. A, No. 7. With regard to any remaining amounts due to Fulton Bank, Plaintiff admits that he received written notice from Fulton Bank that the Fulton Bank Loan had been paid and it is uncontroverted that Plaintiff received the original note from the bank marked paid. (Ex L, Nos. 1-2; Ex. K.)

As to the obligations to use best efforts to assume the Fulton Bank Loan and gain Fulton Bank's consent to release Plaintiff; Defendants made all best efforts to gain Fulton Bank's consent to get Plaintiff released from the Fulton Bank Loan. (Ex. C.) After receiving a copy of the June 19, 2017 letter from Plaintiff to Fulton Bank, Mr. Ayers "immediately wrote a letter to Tim Robinson and told him we wanted to assume the loan and take it over, Ralph Costen and I did." (Ex. G, 24:1-3; *see also* Ex. E.) Mr. Ayers never heard back from Tim Robinson. (Ex. G, 24:3-5.) Mr. Ayers called Tim Robinson on the phone and he still never responded. (*Id.*) The

Defendants made the interest payment in July after they finally received the payment information. (Ex. G, 24:5-9; Oct. 15, 2018 Costen Depo. Transcript, 19:10-13, excerpts of which are attached hereto as Exhibit N.)  Further, the Defendants made every payment after the July payment until the loan was paid off. (Ex. G, 24:5-9; *see also* Exs. A, No. 7; F.) Additionally, Mr. Costen reached out to the president of Fulton Bank, who subsequently retired, concerning the Defendants' assumption of the Fulton Bank Loan, but his efforts were unsuccessful. (Ex. G, 24:16-25:8.) Defendants could not force Fulton Bank to consent to the assumption and release Plaintiff from the loan. There was nothing else with respect to Paragraph 3 that was required by the Defendants.

However, Plaintiff continues to assert that he has been damaged because he may face a claim by the Estate of John Woodfin (who had guaranteed the loan and put up collateral to secure the loan) at some unknown time in the future for the value of the collateral used to satisfy the Fulton Bank Loan. (Pl.'s Resp. to Defs.' First Interrog., No. 1, a copy of which is attached hereto as Exhibit O.) Importantly, though, Plaintiff admits that no claim has been filed against him by the Estate of John Woodfin, nor has a claim even been threatened. (Pl.'s Resp. to Defs.' Third Req. for Adm., No. 7, a copy of which is attached hereto as Exhibit P.)

It is entirely speculative to assert that Plaintiff may face any liability or suffer any damage for Fulton Bank's use of certain collateral to satisfy the Fulton Bank Loan. There is no evidence that the Estate of John Woodfin has or will make such a claim and damages cannot be based on mere speculation or conjecture.  *Autonomy, Inc. v. TASC, Inc.*, 2015 WL 7313380, *3 (E.D. Va. 2015) (citing *Vienna Metro LLC v. Puit eHome Corp.*, 786 F.Supp.2d 1076, 1086 (E.D. Va. 2011); *see also Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 671 S.E.2d 132, 135 (2009). "While Virginia law does not require a plaintiff to prove his damages with 'absolute

certainty,' he must provide sufficient evidence for a factfinder to make 'an intelligent and probable estimate of the amount of the damages or loss sustained.'" *Sharma v. USA Int'l, LLC*, 851 F.3d 308, 312 (4th Cir. 2017) (quoting *Holz v. Coates Motor Co.*, 206 Va. 894, 147 S.E.2d 152, 155 (1966)).

As cited *supra* in Section 2(B)(i), "speculation and conjecture cannot form the basis of the recovery." *Shepherd*, 265 Va. at 125. Plaintiff cannot prove his damages with any reasonable certainty. The law requires Plaintiff to prove damages with sufficient evidence for a factfinder to make "an intelligent and probable estimate of the damages or loss sustained." *Sharma*, 851 F.3d at 312. Absent an actual or threatened claim by the Estate of John Woodfin, this Court cannot award damages based on a contingency that may never occur.  (Ex. P, No. 7.)

Shockingly, Plaintiff asserts he has been damaged to the tune of $157,000.00, notwithstanding that the Fulton Bank Loan has been paid in full and that Defendants were never required to pay that amount **to Plaintiff**. (Ex. C.) Defendants were not even required to pay that amount directly to Fulton Bank in a lump sum. Instead, Defendants were only obligated to assume Plaintiff's obligation to pay the Fulton Bank Loan on the same terms required of Plaintiff (i.e., make the monthly payments). (Ex. C, ¶ 2.) At no point were the Defendants required to pay Plaintiff $157,000.00, as he now asserts. Moreover, there is no evidence that Plaintiff owes that amount to Fulton Bank, the Estate of John Woodfin, or anyone else.

Indeed, Plaintiff's obligations to Fulton Bank were resolved in May of 2018. (Ex. K.) Plaintiff continued to pursue this litigation despite receiving the paid-in-full note from Fulton Bank, thereby incurring significant legal fees and demanding that Defendants not only compensate him for the hypothetical future claims against him which have neither been

threatened nor filed, but also pay his legal fees that have been incurred in the continued pursuit of this claim.[2]

Plaintiff's pursuit of speculative and hypothetical future damages is improper under the law and the facts of this case. Accordingly, Plaintiff can neither recover the amount of the Fulton Bank Loan nor prove any damages flowing from alleged breaches of Paragraph 3 of the Settlement Agreement.

C.      Plaintiff's Claims for Fraudulent Inducement and Conspiracy to Commit Fraud Fail for Lack of Damages

Claims for fraudulent inducement and conspiracy to commit fraud, like claims for breach of contract and conspiracy to breach contract, require proof of damages. *See Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557-58 (1998); *Barnette v. Brook Road, Inc.*, 429 F.Supp.2d 741, 750 (E.D. Va. 2006); *Terry v. SunTrust Banks, Inc.*, 493 Fed.Appx. 345, 357 (4th Cir. 2012).

In claims for fraud, there are no damages "where the position of the complaining party is no worse than it would have been had the alleged fraud not been committed." *SecureInfo Corp. v. Telos Corp.*, 387 F.Supp.2d 593, 616 (E.D. Va. 2005)(citing *Community Bank v. Wright*, 221 Va. 172, 267 S.E.2d 158 (1980)).

Here, Plaintiff has not suffered any damages. Plaintiff seeks recovery of (a) $134,000.00 payable to Plaintiff under the Settlement Term Sheet (Compl. ¶¶ 71-80, 99, a copy of which is attached hereto as Exhibit M.); and (b) $157,000.00 under the Fulton Bank Loan (Ex. M, ¶ 21.). As stated *supra* in Section 2(B)(i)-(ii), Plaintiff has been made whole with respect to the $134,000.00, the Defendants made all efforts to assume Plaintiff's liability under the Fulton

---

[2] It is reasonable to conclude that if a claim is made in the future by the Estate of John Woodfin for any obligations originally arising under the Fulton Bank Loan, Defendants would owe duties to Plaintiff at that time. Plaintiff's attempt to obtain a windfall for claims that may or may not occur in the future is improper and unsupported.

Bank Loan, and Fulton Bank Loan has been paid in full. Plaintiff cannot recover any of the damages he seeks—he has already been made whole. Further, Plaintiff is not legally entitled to recover punitive damages, any of his attorneys' fees his fees and costs from the State Litigation, or any of his attorneys' fees in this litigation as stated *infra* in Sections 4-6.

### 3. Plaintiff's Fraud Claims Fail Because The Defendants Intended to Perform Under the Settlement Term Sheet

Plaintiff's claims for fraud in the inducement and conspiracy to commit fraud fail because Plaintiff cannot prove that Defendants acted with the requisite intent to defraud. To state a claim for fraud in the inducement and conspiracy to commit fraud, there must be intent to mislead. *See Richmond Metropolitan Authority*, 256 Va. at 557-58; *Terry*, 493 Fed.Appx. at 357. "When he makes the promise, intending not to perform, his promise is a misrepresentation of *present* fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud." *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985).

In fact, it is uncontroverted that Defendants **always intended** to pay the amounts specified in the Settlement Term Sheet. As of August 30, 2017, the Defendants intended to honor the Settlement Term Sheet. (Ex. B, No. 22.) "We absolutely intended to pay it." (Ex. G, 8:25.) "[W]e were prepared to pay the money. We just didn't know who or how it was going to be split up." (Ex. G, 9:16-18.) "[W]e owed the money. We agreed to pay it. We didn't pay it because of Jack's hesitation as to whether he wanted his family to collect up to 100,000 dollars, if I remember the correct number." (Ex. N, 17:17-22.)

Further, the Defendants **immediately** began to perform under the Settlement Term Sheet. Mr. Ayers wrote to Fulton Bank on June 29, 2017, less than two weeks after the execution of the Settlement Term Sheet, and requested that they be permitted to assume Plaintiff's liability for the

Fulton Bank Loan. (Ex. E.) Immediately following the Settlement and for so long as the Fulton Bank Loan was outstanding, Defendants made all monthly interest payments on Plaintiff's behalf. (Ex. A, No. 7; Ex. F.) Defendants made several phone calls to Fulton Bank in order to attempt to assume Plaintiff's obligations. Mr. Ayers called Tim Robinson on the phone, although he never responded. (Ex. G, 24:5-9.) Mr. Costen reached out to the president of Fulton Bank concerning the Defendants' assumption of the Fulton Bank Loan, but his efforts were unsuccessful. (Ex. G, 24:16-25:8.) The Defendants also satisfied their obligations under Paragraph Two of the Settlement Term Sheet, paying to Plaintiff $134,000.00, plus statutory interest, on April 12 and 20, 2018. (Exs. I, J.)

Plaintiff cannot point to a single fact to prove his claim that Defendants, at the time of the execution of the Settlement Term Sheet, did not intend to perform. In order to prevail on a claim for fraud in the inducement, Plaintiff needs more than just conjecture. Fraud requires proof by clear and convincing evidence. *See Thompson v. Bacon*, 245 Va. 107, 111, 425 S.E.2d 512, 514 (1993). Fraud, regardless of whether it is proved by direct or circumstantial evidence, must be proven clearly and satisfactorily. *New York Life Ins. Co. v. Davis*, 96 Va. 737, 32 S.E. 475 (1899).

Plaintiff asks the Court to believe that the Defendants' immediate performance under the Settlement Term Sheet [Exs. E, F]; their repeated insistence that they intended to pay the amounts specified under the Settlement Term Sheet [Exs. G, 8:25, 9:16-18; N, 17:17-22]; and their complete performance under the Settlement Term Sheet [Exs. I, J], all point to an irrefutable conclusion that Defendants' intended to mislead Plaintiff and always intended to mislead Plaintiff. None of the facts of the case would permit a finder of fact to conclude that the Defendants intended to mislead the Plaintiff into entering into the Settlement Term Sheet.

### 4.     Plaintiff Cannot Recover Punitive Damages

Plaintiff cannot recover punitive damages because he cannot prove any compensatory damages in connection with the causes of action against the Defendants raised in the Complaint.

An award of punitive damages must be predicated upon an award of compensatory damages. *Murray v. Hadid*, 238 Va. 722, 732, 385 S.E.2d 898, 905 (1989)(citing *Gasque v. Mooers Motor Car Co*., 227 Va. 154, 159, 313 S.E.2d 384, 388 (1984)). "It is well-established that an award of compensatory damages… is an ***indispensable predicate*** for an award of punitive damages, except in actions for libel and slander." *Syed v. ZH Techs, Inc.*, 280 Va. 58, 74-75, 694 S.E.2d 625, 634 (2010) (emphasis added); *Wright v. Cofield*, 146 Va. 637, 131 S.E. 787 (1926); *Weatherford v. Birchett*, 158 Va. 741, 164 S.E. 535 (1932); *Gasque v. Mooers Motor Car co.*, 227 Va. 154 (1984).

Compensatory damages are "an amount awarded to a complainant to compensate for a proven injury or loss; damages that repay **actual** losses." DAMAGES, Black's Law Dictionary (10th ed. 2014)(emphasis added). As stated *supra* in Section 2, there are no compensatory damages for which Plaintiff can recover. Plaintiff cannot recover under Paragraph Two of the Settlement Term Sheet as he has been paid the amounts he was owed, with interest for the delay in payment. *See supra* Section 2(B)(i). Nor can Plaintiff recover any amounts under Paragraph Three of the Settlement Term Sheet, particularly given the fact that the Fulton Bank Loan has been satisfied. *See supra* Section 2(B)(ii). Because Plaintiff cannot prove any compensatory damages in connection with any of his claims, his claim for punitive damages must fail.

### 5.     Plaintiff Cannot Recover his Attorneys' Fees in this Litigation

Plaintiff cannot recover for attorneys' fees stemming from this litigation.

In the absence of contractual or statutory liability, attorneys' fees are not recoverable in either tort or contract actions. *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291,

301 (1999). Limited exceptions to rule exist, including: (a) in successful prosecutions of causes of action for malicious prosecution or false imprisonment; (b) when a trustee defended his trust in good faith and seeks to recover attorneys' fees from the estate; and (c) in certain alimony and support disputes. *Id*. at 92. A court may, in its discretion, award attorneys' fees to a defrauded party. *Id.* No law exists to permit the recovery of attorneys' fees on a cause of action for conspiracy to breach a contract.

While federal courts may award attorneys' fees in instances "where a party acts in bad faith, vexatiously, or for oppressive reasons," such powers must be exercised with restraint and discretion. *Kreischer v. Kerrison Dry Goods*, 229 F.3d 1143, *3-4 (4th Cir. 2000). In Virginia, only "where the injury is wanton or malicious **and** exemplary damages are recoverable" may attorneys' fees be awarded. *Kemp v. Miller*, 166 Va. 661, 680, 186 S.E. 99, 106 (1936).

Further, the law is unsettled as to whether a court may award attorneys' fees for pre-litigation conduct, as Plaintiff desires here. However, significant persuasive authority exists to suggest that attorneys' fees cannot be awarded for pre-litigation conduct and can only be awarded for bad faith, vexatious, or oppressive conduct that abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991); *Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.2d 1422 (8th Cir. 1997). In *Chambers*, Justice Kennedy, joined in dissent by Chief Justice Rehnquist, and Justices Souter and Scalia, stated that "it is impermissible to allow a District Court acting pursuant to its inherent authority to sanction such pre-litigation primary conduct. A court's inherent authority extends only to remedy abuses of the judicial process." *Chambers*, 501 U.S. at 74. The Eighth Circuit interpreted the Supreme Court's holding in *Chambers* narrowly noting the majority's comment that "the sanctions imposed applied only to sanctionable acts which occurred in connection with the proceedings in the trial

court." *Lamb Engineering & Const. Co.*, 103 F.3d at 1437. Thus, the Eighth Circuit reasoned, pre-litigation conduct may not form the basis for an award of attorneys' fees. *Id.* Justice Scalia, writing his own dissent, emphatically agreed with Justice Kennedy that "the District Court [in *Chambers*] had no power to impose any sanctions for petitioner's flagrant, bad-faith breach of contract." *Chambers*, 501 U.S. at 60.

Here, Plaintiff cannot recover attorneys' fees. The Settlement Term Sheet governs the parties' contractual relationship and does not permit the recovery of attorneys' fees. (*See* Ex. C.) Further, Plaintiff cannot pursue attorneys' fees under a theory of bad faith prelitigation conduct in light of the persuasive authority in *Chambers* and *Lamb Engineering*. Certainly, Plaintiff cannot attempt to recover for an alleged bad-faith breach of contract or fraud in the inducement when the Defendants immediately began to perform under the Settlement Term Sheet by actually assuming Plaintiff's obligations under the Fulton Bank Loan (i.e., paying the monthly payments) and attempting to have Plaintiff released from liability (i.e., seeking a release from Fulton Bank). (Exs. C; E; F) Plaintiff is legally barred from recovering attorneys' fees for his claim for conspiracy to breach contract as no authority exists to support such a recovery.

The only two causes of action under which the law permits Plaintiff to attempt to recover attorneys' fees are his causes of action for fraud and conspiracy to commit fraud but his efforts fail in this regard, as well. In order for Plaintiff to be able to recover attorneys' fees, he must first establish he is entitled to recover for the underlying claim. As stated *supra* in Section 2, Plaintiff cannot prove that he sustained any damages in connection with the alleged fraud, which failure is fatal to his claims of fraud in the inducement and conspiracy to commit fraud. *See Richmond Metropolitan Authority*, 256 Va. at 557-58; *Terry*, 493 Fed.Appx. at 357. Further, as stated *supra*

in Section 3, Plaintiff cannot prove the requisite intent to prevail on claims for fraud. Accordingly, Plaintiff's claims for attorneys' fees for his fraud claims will fail.

### 6.     Plaintiff Cannot Recover His Attorneys' Fees or Costs of Mediation from the State Litigation

Plaintiff cannot recover his attorneys' fees or his mediation costs from the State Litigation.

In the absence of a contractual or statutory liability, attorneys' fees and expenses incurred in earlier litigation between the same parties are not recoverable in a subsequent action. *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 875 (1960); *Long v. Abbruzzetti*, 254 Va. 122, 128, 487 S.E.2d 217, 220 (1997).

No contractual duty exists between the parties permitting the recovery of attorneys' fees from the State Litigation. The Settlement Term Sheet, the only contractual relationship between the parties, does not permit the recovery of attorneys' fees in incurred in the resolution of the State Litigation. (Ex. C.) As such, Plaintiff does not have a contractual avenue for recovering attorneys' fees and expenses incurred in the State Litigation. Further, no statute permits Plaintiff to recover attorneys' fees stemming from the resolution of the State Litigation and the Settlement Term Sheet. Accordingly, Plaintiff cannot recover his attorneys' fees or the costs of mediation stemming from the State Litigation.

## IV.     Conclusion

WHEREFORE, Defendants respectfully request that this Court enter an Order granting their Motion for Summary Judgment; dismissing Plaintiff's Complaint with prejudice; and providing for such other and further relief as the ends of justice may require.

Dated: October 26, 2018     CHARLES E. AYERS, JR.,
               RALPH L. COSTEN, JR., and
               JESSE L. BARBER


             By:_____/s/ Stephen M. Faraci, Sr._____
                  Counsel

Stephen M. Faraci, Sr. (VSB No. 42748)
Patrick D. Houston (VSB No. 92298)
LeClairRyan, A Professional Limited Liability Corporation
919 East Main Street, 24th Floor
Richmond, Virginia  23219
Telephone: (804) 545-1516
Facsimile: (804) 916-7208
Stephen.Faraci@leclairryan.com
Patrick.Houston@leclairryan.com

  *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of October, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By:   <u>/s/   Stephen M. Faraci, Sr.</u>
Stephen M. Faraci, Sr. (VSB No. 42748)
Patrick D. Houston (VSB No. 92298)
LeClairRyan, A Professional Limited
Liability Corporation
919 East Main Street, 24th Floor
Richmond, Virginia  23219
Telephone:      (804) 545-1516
Facsimile:      (804) 916-7208
Stephen.Faraci@leclairryan.com
Patrick.Houston@leclairryan.com

*Counsel for Defendants*