IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| J. IRVIN BEATLEY, )<br>)<br>)<br>      Plaintiff, )<br>v. )<br>)<br>CHARLES E. AYERS, JR., )<br>RALPH L. COSTEN, JR., and )<br>JESSE L. BARBER, )<br>)<br>      Defendants. ) | Civil Action No. 3:18-cv-37-MHL |

### DEFENDANTS' PRETRIAL MEMORANDUM OF POINTS AND AUTHORITIES ON MATERIAL ISSUES EXPECTED TO ARISE AT TRIAL

Defendants, Charles E. Ayers, Jr., Ralph L. Costen, Jr., and Jesse L. Barber (collectively "Defendants"), by counsel, submit the following pretrial memorandum on material issues expected to arise at trial.

### I.   INTRODUCTION

Defendants anticipate several material issues to arise at trial including (a) the prohibition on the recovery of speculative damages; (b) basic contract construction principles as they relate to the recovery of damages; (c) the prohibition on the recovery of punitive damages when compensatory damages are not recoverable; (d) the prohibition on the recovery of attorneys' fees for pre-litigation conduct; and (e) the intersection of hearsay statements and witnesses who lack personal knowledge.

### II.   POINTS AND AUTHORITIES

#### A.   The Prohibition on the Recovery of Speculative Damages

In Virginia, the law has long held that speculative damages are not recoverable. *Young v. M-C Co.*, 37 Va. Cir. 204 (1995)(citing *Barnes v. Graham Virginia Quarries, Inc.*, 204 Va. 414,

132 S.E.2d 395 (1963)); *see also Autonomy, Inc. v. TASC, Inc.*, 2015 WL 7313380, *3 (E.D. Va. 2015) (citing *Vienna Metro LLC v. Puit eHome Corp.*, 786 F.Supp.2d 1076, 1086 (E.D. Va. 2011); *see also Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 671 S.E.2d 132, 135 (2009). "While Virginia law does not require a plaintiff to prove his damages with 'absolute certainty,' he must provide sufficient evidence for a factfinder to make 'an intelligent and probable estimate of the amount of the damages or loss sustained.'" *Sharma v. USA Int'l, LLC*, 851 F.3d 308, 312 (4th Cir. 2017) (quoting *Holz v. Coates Motor Co.*, 206 Va. 894, 147 S.E.2d 152, 155 (1966)).

B. **Contract Construction Principles as they Relate to the Recovery of Damages**

"First, the cardinal rule in any action involving contract interpretation is that courts uphold the intent of the contracting parties as expressed through contractual language." *Foothill Capital Corp. v. E. Coast Bldg. Supply Corp.*, 259 B.R. 840, 844–45 (E.D. Va. 2001)(citing *Bender–Miller Co. v. Thomwood Farms, Inc.,* 211 Va. 585, 588, 179 S.E.2d 636 (1971)).

"Second, where the parties' intent is clear and contractual language amenable to only one reasonable interpretation, courts are to construe contractual language according its plain and ordinary meaning." *Id.* (citing *Appalachian Power Co. v. Greater Lynchburg Transit Co.,* 236 Va. 292, 295, 374 S.E.2d 10 (1988)). "This latter canon is commonly referred to as the 'plain meaning rule,' and it is well-established under Virginia rules of contract interpretation." *Id.*

C. **The Prohibition on the Recovery of Punitive Damages When Compensatory Damages are Not Recoverable**

An award of punitive damages must be predicated upon an award of compensatory damages. *Murray v. Hadid*, 238 Va. 722, 732, 385 S.E.2d 898, 905 (1989)(citing *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 159, 313 S.E.2d 384, 388 (1984)). "It is well-established that an award of compensatory damages… is an ***indispensable predicate*** for an award of punitive

damages, except in actions for libel and slander." *Syed v. ZH Techs, Inc.*, 280 Va. 58, 74-75, 694 S.E.2d 625, 634 (2010) (emphasis added); *Wright v. Cofield*, 146 Va. 637, 131 S.E. 787 (1926); *Weatherford v. Birchett*, 158 Va. 741, 164 S.E. 535 (1932); *Gasque v. Mooers Motor Car co.*, 227 Va. 154 (1984).

Compensatory damages are "an amount awarded to a complainant to compensate for a proven injury or loss; damages that repay **actual** losses." DAMAGES, Black's Law Dictionary (10th ed. 2014)(emphasis added).

### D. The Prohibition on the Recovery of Attorneys' Fees for Pre-Litigation Conduct

In the absence of contractual or statutory liability, attorneys' fees are not recoverable in either tort or contract actions. *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 301 (1999). Limited exceptions to rule exist, including: (a) in successful prosecutions of causes of action for malicious prosecution or false imprisonment; (b) when a trustee defended his trust in good faith and seeks to recover attorneys' fees from the estate; and (c) in certain alimony and support disputes. *Id*. at 92. A court may, in its discretion, award attorneys' fees to a defrauded party. *Id.* No law exists to permit the recovery of attorneys' fees on a cause of action for conspiracy to breach a contract.

While federal courts may award attorneys' fees in instances "where a party acts in bad faith, vexatiously, or for oppressive reasons," such powers must be exercised with restraint and discretion. *Kreischer v. Kerrison Dry Goods*, 229 F.3d 1143, *3-4 (4th Cir. 2000). In Virginia, only "where the injury is wanton or malicious **and** exemplary damages are recoverable" may attorneys' fees be awarded. *Kemp v. Miller*, 166 Va. 661, 680, 186 S.E. 99, 106 (1936)(emphasis added).

Further, the law is unsettled as to whether a court may award attorneys' fees for pre-litigation conduct, as Plaintiff desires here. However, significant persuasive authority exists to suggest that attorneys' fees cannot be awarded for pre-litigation conduct and can only be awarded for bad faith, vexatious, or oppressive conduct that abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991); *Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.2d 1422 (8th Cir. 1997). In *Chambers*, Justice Kennedy, joined in dissent by Chief Justice Rehnquist, and Justices Souter and Scalia, stated that "it is impermissible to allow a District Court acting pursuant to its inherent authority to sanction such pre-litigation primary conduct. A court's inherent authority extends only to remedy abuses of the judicial process." *Chambers*, 501 U.S. at 74. The Eighth Circuit interpreted the Supreme Court's holding in *Chambers* narrowly noting the majority's comment that "the sanctions imposed applied only to sanctionable acts which occurred in connection with the proceedings in the trial court." *Lamb Engineering & Const. Co.*, 103 F.3d at 1437. Thus, the Eighth Circuit reasoned, pre-litigation conduct may not form the basis for an award of attorneys' fees. *Id.* Justice Scalia, writing his own dissent, emphatically agreed with Justice Kennedy that "the District Court [in *Chambers*] had no power to impose any sanctions for petitioner's flagrant, bad-faith breach of contract." *Chambers*, 501 U.S. at 60.

E.    **Hearsay and Lack of Personal Knowledge**

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Fed. R. Evid. 602.

Hearsay is not admissible unless permitted by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. 'The appropriate rule for the exclusion of a party's declarations offered in his own behalf as evidence of the truth of the facts declared is the hearsay rule.' *Chestnut v. Ford Motor Co.,* 445 F.2d 967, 972 (4th Cir. 1971). "Whether self-serving, neutral, or disserving, a hearsay statement that does not fit within one of the exceptions to the hearsay rule is inadmissible, and the reverse is true." *Id.*

"If the testimony of the witness purports to repeat an out-of-court statement, hearsay is the proper objection. If the testimony on its face purports to be based on direct perception of the facts described but is actually based on an out-of-court statement about those facts, the objection should be lack of personal knowledge." *United States v. Davis*, 596 F.3d 852, 856 (D.C. Cir. 2010)(citing 27 C. Wright & V. Gold, Federal Practice and Procedure: Evidence § 6022, at 214–15 (2d ed.2007); *see also* 2 McCormick on Evidence § 249, at 137 (6th ed.2006)).

Dated: November 9, 2018          CHARLES E. AYERS, JR.,
                                 RALPH L. COSTEN, JR., and
                                 JESSE L. BARBER


                                 By:_____/s/ Patrick D. Houston_____
                                             Counsel

Stephen M. Faraci, Sr. (VSB No. 42748)
Corey S. Booker (VSB No. 73419)
WHITEFORD TAYLOR & PRESTON, LLP
919 East Main Street, Suite 1000
Richmond, Virginia 23219
Telephone: 804-977-3307
Fax: 804-977-3298
Email: sfaraci@wtplaw.com
E-mail:  cbooker@wtplaw.com

Patrick D. Houston (VSB No. 92298)
LeClairRyan, A Professional Limited Liability Corporation
919 East Main Street, 24th Floor
Richmond, Virginia  23219
Telephone:     (804) 545-1516
Facsimile:     (804) 916-7208
Patrick.Houston@leclairryan.com

       *Co-Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By:   /s/   Patrick D. Houston
      Stephen M. Faraci, Sr. (VSB No. 42748)
      Corey S. Booker (VSB No. 73419)
      WHITEFORD TAYLOR & PRESTON, LLP
      919 East Main Street, Suite 1000
      Richmond, Virginia 23219
      Telephone: 804-977-3307
      Fax: 804-977-3298
      Email: sfaraci@wtplaw.com
      E-mail: cbooker@wtplaw.com

      Patrick D. Houston (VSB No. 92298)
      LeClairRyan, A Professional Limited Liability Corporation
      919 East Main Street, 24th Floor
      Richmond, Virginia 23219
      Telephone:    (804) 545-1516
      Facsimile:    (804) 916-7208
      Patrick.Houston@leclairryan.com

      *Co-Counsel for Defendants*