IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

J. IRVIN BEATLEY,
          Plaintiff,

v.                                                                          Civil Action No. 3:18-cv-00037

CHARLES E. AYERS, JR., et al.,
          Defendants.

## OPINION

The plaintiff, J. Irvin Beatley, sued the defendants in state court for payments that the defendants owed him after a failed real estate venture. The parties settled the case, but the defendants failed to honor their end of the bargain. Beatley now seeks a judgment in this Court against the defendants for breach of contract and fraud. The defendants, Charles E. Ayers, Jr., Ralph L. Costen, Jr., and Jesse L. Barber, have moved for summary judgment, arguing that Beatley cannot prove that he suffered damages. Beatley, however, has shown that he has exposure to a third party for a judgment because the defendants' failed to comply with certain provisions of the settlement agreement. Because Beatley can establish damages based on the defendants' alleged breaches, the Court will deny the defendants' motion for summary judgment.

## I. BACKGROUND

This case arises from a soured business relationship concerning a failed real estate development in Hopewell, Virginia. In 2017, Beatley sued the defendants in the Richmond Circuit Court. On June 15, 2017, the parties entered into a settlement agreement. Paragraph 2 of the settlement agreement required the defendants to pay Beatley $134,000 by July 17, 2017. Paragraph 3 provided that the defendants would (1) assume Beatley's obligations on a loan from

Fulton Bank in the amount of $157,149.79; (2) use "all best efforts" to obtain Fulton's consent to assume the loan; and (3) pay the monthly interest charges associated with the loan.

Beatley now argues that the defendants never intended to honor the settlement agreement. Although the parties dispute the defendants' intent, they agree that the defendants failed to pay Beatley $134,000 by the July 17, 2017, deadline. To fulfill the defendants' obligations under paragraph 3 to use "all best efforts" to obtain Fulton's consent to assume the loan, Ayers sent a letter and left a voicemail for Timothy Robinson, the Vice President of Fulton. The defendants' efforts to obtain Fulton's consent, however, ultimately failed.

On January 18, 2018, Beatley sued the defendants in this Court, alleging (I) breach of contract; (II) conspiracy to breach contract; (III) fraudulent inducement; and (IV) conspiracy to commit fraud. The defendants moved to dismiss Count II under Rule 12(b)(6), and the Court denied the motion.[1] On February 23, 2018, Beatley moved for partial judgment as to Count I for $134,000. On April 13, 2018, the defendants finally paid Beatley $134,000 pursuant to paragraph 2 of the settlement agreement, plus 6% interest.[2]

On May 15, 2018, Fulton sent a letter to Beatley notifying him that the loan had been satisfied. John Woodfin, Sr., had put up collateral years earlier to secure the loan. Fulton used Woodfin's collateral to satisfy the balance on the loan. Although the defendants have not assumed

---

[1] In the Order denying the defendants' motion to dismiss, the Honorable M. Hannah Lauck directed the Clerk to reassign the case.

[2] In sum, the defendants paid $139,949.60. They paid $93,417.38 to Beatley and $46,532.22 to Setliff Law, P.C. Because Setliff represented Beatley in state court, it had asserted an attorney's lien on the settlement proceeds for $46,532.22. The Court thus denied as moot Beatley's motion for partial judgment.

2

the loan pursuant to paragraph 3 of the settlement agreement, the defendants did make the required monthly interest payments.

Because the defendants have fulfilled their obligations under paragraph 2 and the Fulton loan now has a zero balance, the defendants say that Beatley cannot prove damages. Beatley argues that he has suffered damages because he now has exposure to Woodfin's estate for a claim in connection with the Fulton loan.

## II. DISCUSSION[3]

Beatley's claims all require proof of damages as an element, so he must show that he suffered damages to survive a motion for summary judgment.[4]

Beatley has made that showing. Because Fulton used Woodfin's collateral to satisfy the loan, Beatley has exposure to Woodfin's estate for the value of the collateral. Virginia law authorizes a guarantor's personal representative to "obtain a judgment or decree against any person" for the amount the guarantor paid to secure a loan. Va. Code Ann. § 49-27. Moreover, an estate's personal representative "ha[s] not only the authority, but most likely even the duty, to file suit to collect debts owed to the decedent's estate." *Campbell v. Harmon*, 271 Va. 590, 600,

---

[3] Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element to its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[4] Beatley asserts claims for (I) breach of contract, *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338, 344, 784 S.E.3d 296, 299 (2016) (listing as an element "injury or damage to the plaintiff caused by the breach of obligation"), (II) conspiracy to breach contract based on tortious interference with contract, *Fox v. Deese*, 234 Va. 412, 428-29, 362 S.E.2d 699, 708 (1987) (listing damages as an element for tortious interference of contract), (III) fraudulent inducement, *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998) (listing as an element "resulting damage to the party misled"), and (IV) conspiracy to commit fraud, *id.*

628 S.E.2d 308, 313 (2006); *see also Isbell v. Flippen*, 185 Va. 977, 981, 41 S.E.2d 31, 33 (1947) ("[F]ailure to proceed promptly with the collection of assets due the decedent's estate is negligence, for which the personal representative may be liable."). Under Virginia law, therefore, Beatley has shown that he has exposure to Woodfin's estate beyond mere "uncertainties, contingencies, or speculation." *See Shepherd v. Davis*, 265 Va. 108, 125, 574 S.E.2d 504, 524 (2003). Because Beatley could establish damages at trial, the Court must deny the motion for summary judgment.

Further, whether the defendants used "all best efforts" to obtain Fulton's consent to assume the loan is a disputed material fact. The defendants have given conflicting testimony regarding their efforts to obtain Fulton's consent. *See Zoroastrian Ctr. & Darb E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 751 (4th Cir. 2016) ("While conflicting testimony can indeed preclude summary judgment, any inconsistency must concern a material fact."). For example, Costen testified that he took no action to obtain Fulton's consent to assume the loan. (Costen Dep. 19:17 – 21:4.) Ayers, however, testified that Costen spoke to the President of Fulton about the loan. (Ayers Dep. 24:16 – 25:8.) Due to this disputed factual issue, the Court must deny the defendants' motion for summary judgment.[5]

---

[5] The defendants further argue that Beatley cannot succeed on his fraud claims because they always intended to honor the settlement agreement. "Questions of intent," however, "are hard to decide on summary judgment" because "[t]hey are almost always inferential, and best left to the trier of fact who can observe the witnesses and determine whether explanations hold water." *Ferrell v. Harris Ventures, Inc.*, 812 F. Supp. 2d 741, 748 (E.D. Va. 2011); *see also Gen. Analytics Corp. v. CNA Ins. Cos.*, 86 F.3d 51, 54 (4th Cir. 1996) ("[D]etermining intent is fact-intensive, and when the circumstantial evidence of a person's intent is ambiguous, the question of intent cannot be resolved on summary judgment."). Because the parties tell two different stories regarding the defendants' intent to comply with the settlement agreement, summary judgment is not appropriate.

## III. CONCLUSION

Because Beatley can show that he suffered damages and has raised a genuine dispute of material fact, the Court will deny the defendants' motion for summary judgment.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 6 Nov. 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge