IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| J. IRVIN BEATLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:18-cv-37-JAG |
| | ) |
| CHARLES E. AYERS, JR., | ) |
| | ) |
| RALPH L. COSTEN, JR., | ) |
| | ) |
| and | ) |
| | ) |
| JESSE L. BARBER, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF WILLIAM R. BALDWIN, III IN SUPPORT OF PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES AND EXPENSES**

**A. Introduction**

In its June 25, 2019 Order in this case (document #59), the Court directed the Plaintiff to provide "an affidavit from a qualified attorney showing that his [Beatley's counsel's] hourly rate is reasonable in the Richmond area, that the number of hours spent is reasonable, and that the various tasks performed were reasonable." This affidavit is intended to respond to that direction.

**B. Credentials**

I am a 1977 graduate of the Washington & Lee University School of Law, admitted to practice before the Virginia Supreme Court that year and in the United States District Court for the Western District of Virginia and the U. S. Court of Appeals for the Fourth Circuit in 1978. From 1977-1978 I served as a law clerk to the Hon. H. Emory Widener, Jr., Judge of the U.S. Court of Appeals for the Fourth Circuit. I have practiced law regularly in the Richmond, Virginia metropolitan area regularly since September, 1981 when I left service with the United States

EXHIBIT B

Army Judge Advocate General's Corps. I was admitted to practice in the Eastern District of Virginia in 1981. I appear regularly in all local courts, and in the United States Bankruptcy Courts for the Eastern and Western Districts of Virginia and the United States District Court for the Eastern District of Virginia. My principal area of practice is commercial litigation in all courts (in Bankruptcy Court this also includes the practice of matters unique to bankruptcy law). My practice also includes general business matters.

I am generally familiar with rates charged in commercial matters by litigation counsel in the Richmond vicinity state and federal courts.

### C. Prior History in This Case

I was retained by John K. Burke, Jr., Esq. as an Expert Witness in this case on the issue of attorney's fees and related expenses. To that end as a Rule 26 Disclosure I prepared and submitted to Mr. Burke an Expert Witness Report, which I believe Mr. Burke provided to counsel for the Defendants in this case in the course of discovery. That Report is attached to this Affidavit as Exhibit A. The report was not used at trial as I am advised the Court bifurcated consideration of the award of attorney's fees and related expenses until after the decision on the merits.

### D. Documents Considered

In preparing this affidavit I reviewed and considered the following documents:

- The Court's June 25, 2019 Opinion in the case (document # 58) and the related Order (#59)
- Mr. Burke's Affidavit of July 16, 2019, with related memorandum to me,
- Mr. Burke's Memorandum to me of October 22, 2018 (for Expert Witness Report), with supplement of July 9, 2019,
- Various pleadings in the case, including Complaint (#1), Answer with affirmative defenses (#5), Motion to Dismiss (#6) and Memoranda in Support (#7 and 11), Opposition to Motion for Partial Judgment (#12), Memorandum Opinion of June 26, 2018 (#20) denying motion to dismiss, Defendants' Memorandum in Support of Motion for Summary Judgment October 26, 2018 (#30), Defendants' Pretrial Memorandum of November 9, 2018 (#40); Opinion of November 16, 2018 (#53),

2

• Mr. Burke's various statements to Mr. Beatley (included in Exhibits submitted by him).

### E. The Reasonableness of Counsel's Hourly Rate

Mr. Burke charged his client $300/hour for services in this litigation. This hourly rate is well below those charged by counsel of equivalent experience for equivalent services in all Richmond courts of record. My rate charged generally and to Mr. Burke for this matter is $350/hour, which I know to be well below the court approved rates charged by counsel of equivalent experience. For example, partners in larger major firms in the Richmond, Virginia area typically charge well over $500/hour for commercial litigation services and senior associates in such firms charge more than $300/hour. This is, I respectfully submit, almost a matter of judicial notice. For example, in 2013 the Honorable Kevin R. Huennekens, USBJ, approved an hourly rate of $425 for partners and $285 for associates of the Richmond office of Kutak Rock (In re *William Andrew Karo*, No. 13-33011-KRH) (Application with $425 hourly rate submitted as document #33 on December 12, 2013); Application (including hourly rates) approved by order entered December 20, 2013 as document #36). Partners of law firms were routinely charging and receiving court approval of $350/hourly rates more than a decade ago (*e.g.*, USBCEDVA Case No. 05-41349-DOT, In re: *David Kalman*, April 10, 2006 Application including $350 rate for partner of Richmond office of Kutak Rock, case document # 27, approved by order entered April 19, 2006 as document #28). There should not be any question that Mr. Burke's hourly rate was more than fair and reasonable by any standard.

### F. The Reasonableness of the Hours Spent

Altogether the time spent by Mr. Burke appears to be reasonable. Over the years this counsel has found that a well drafted federal complaint, drafted without the benefit of a form on a unique or rare matter (applicable here as parties in this counsel's experience rarely breach

3

mediated settlement agreements), including significant exhibits, often requires a time expenditure of more than 1 hour per page of final work product. By counsel's count Mr. Burke required approximately 16 hours to draft the 17 page complaint in this case.

There was no inordinate billing for conferences (admittedly an easier issue to avoid for a sole practitioner than for an attorney in a large firm). Potential criticisms are apparent, but seem to be potentially picky given in entirety of the work done. For example on January 25, 2018 Mr. Burke billed 1.0 hours for "Search for key document." The reader is left to guess at what was the document, what was then nature of the search and what was the reason for the search. One attorney might believe a federal practitioner should know without billing the time requirements of the Eastern District for responding to motions and discovery issues (February 14, 2018 for 0.2 hours), but the undersigned habitually checks many rules for time requirements rather than rely on memory and 0.2 hours to determine this information seems a proper expenditure of time. Time spent in drafting discovery (e.g., February 14, 2018, February 16, March 1, March 2, March 15 and 16 (approx. 5.0 hours) appears appropriate. The statements do not disclose lengthy telephone conferences with the client or opposing counsel.

As in any litigation, time incurred by counsel is a function not only of the work done by counsel to present the case or counsel's client or the requirements of the court, but also the actions of the opposition. In this case the actions of the opposition, most of which were unsuccessful, contributed significantly to the legal time incurred by the Plaintiff. It was the Defendants who breached the settlement contract and who applied the stringent opposition at nearly every point throughout this case. The fraudulent conduct of at least one of the defendants (as found by the Court) exacerbated the time incurred by the Plaintiff. For example, only when partial summary against them on the $134,000 settlement amount appeared imminent, did the

4

defendants modify what until then fairly appeared to be a scorched earth defense, and then and only then did they pay the $134,000, with interest. Later, in the final stages of trial preparation, the defendants refused to stipulate to the authenticity of a key trial exhibit, thus requiring the Plaintiff (since the witness who would provide that authenticity would not be available to testify at trial) to conduct an 11th hour deposition, with attendant expense, of the deposition to establish authenticity. Then, after requiring that effort from the Plaintiff, at trial the defendants switched course and stipulated to the authenticity of the documents.

In short, the hours expended by Plaintiff's counsel as reflected by the billing statements were reasonable, were incurred properly and were not in any material way inordinately or improperly incurred.

### G. The Reasonableness of the Tasks Performed

Apart from possible points already touched on (e.g., the search for a "key document" discussed above), all tasks appeared to be reasonable and on point with either the requirements imposed by applicable procedure and the substantive law, or the actions of the defendants in furtherance of their apparent strategy of defense. Drafting the complaint and discovery is required in every case, as is revision of these documents. Federal court procedure requires much more work considering, prosecuting and defending against summary judgment motions because of the differences between federal and Virginia procedure. The deposition of witness Tim Robinson (who authenticated the documents later stipulated to by the Defendants) could have been avoided if the defendants had stipulated to the authenticity of the exhibit, but since the defendants did not stipulate (until the moment the deposition transcript was taken up by the Court at trial), Plaintiff's counsel had no option to avoid this task. Likewise, counsel was

required to respond to the motions to dismiss and for summary judgment[1] filed by the defense, as well as to respond to a Rule 11 motion threatened by defense counsel on October 12, 2018, but never filed.

### H. Post-Trial Legal Expenses

While this counsel believes that it is appropriate to bill in connection with the effort to collect attorney's fees through the court where available under the law, any issues on this point will be decided by the Court. Counsel simple submits that the time incurred by Mr. Burke post-trial appears to be appropriate and proper with respect to both the tasks undertaken and the time incurred. The $60,622.71 in fees and expenses incurred by Mr. Burke and the matters as to which this time was invested appear in all respects to be proper.

### I. Conclusion

For the reasons stated, my opinion is that the $60,622.71 in fees and expenses requested by Mr. Burke (excluding my charges) in connection with this matter, are reasonable, proper and should be allowed in full. My statements to Mr. Burke for Expert witness and Post-trial services are attached as Exhibits A and B to this Affidavit.

Respectfully submitted,

_____
William R. Baldwin, III (VSB #16988)

Sworn to and subscribed before me by William R. Baldwin, III, this 16th day of July, 2019.

My commission expires: 10 / 31 / 2022

(seal)  _____
Notary Public

Notary Registration Number (if not on seal): 146717

---

[1] On October 26, 2018, document #29, the defendants moved for summary judgment; on November 9, 2018, document #41, Mr. Beatley opposed via his counsel's 25 page opposition; the Court denied the defendants' motion with a five page memorandum.

6

# Exhibit A

## Services As Proposed Expert Witness Rendered Pre-Trial

| Date | Description of Services | Hours | Rate | Fee |
|---|---|---|---|---|
| October 9, 2018 | Reviewed Beatley litigation case docket, selected case pleadings and correspondence | 2.5 | $350.00 | $875.00 |
| October 10, 2018 | Case law and market update on attorney fees in Virginia Supreme Court and local state and federal courts | 0.8 | $350.00 | $280.00 |
| October 11, 2018 | Reviewed memorandum from Mr. Burke on fees and case issues; fee/expense billings to client, drafted expert witness report | 2.6 | $350.00 | $910.00 |
| October 12, 2018 | Finalized Expert Witness Report | 1.0 | $350.00 | $350.00 |
| | Total: | | | $2,415.00 |

# Exhibit B

## Services Rendered Post-Trial

| Date | Description of Services | Hours | Rate | Fee |
|---|---|---|---|---|
| June 26, 2019 | Reviewed Court's trial order and memorandum of June 25, 2019 | 0.6 | $350.00 | $210.00 |
| July 10, 2019 | Reviewed draft memorandum from Mr. Burke on case fees and case pleadings review | 1.5 | $350.00 | $525.00 |
| July 13, 2019 | Updated research on hourly fees in Richmond Division, USDCEDVA and Bankruptcy Court, Richmond Division, USBCEDVA, case law and general Internet search on same | 0.8 | $350.00 | $280.00 |
| July 15, 2019 | Reviewed Mr. Burke's billing statements to client and draft affidavit on same | 2.6 | $350.00 | $910.00 |
| July 16, 2018 | Drafted and Finalized Affidavit Per Court's order of June 25, 2019 | 3.7 | $350.00 | $1,295.00 |
| | Total: | | | $3,220.00 |